# In the United States Court of Federal Claims

No. 08-910

(Filed: April 13, 2011)

* * * * * * * * * * * * * * * * * * * *

MARIA AND MARCOS TOSCANO,

    *Plaintiff*s,

v.

THE UNITED STATES,

    *Defendant*.

* * * * * * * * * * * * * * * * * * * *

Rails to Trails Act; statute of limitations; motion for class certification; *Bright v. United States*, 603 F.3d 1273 (Fed. Cir. 2010)

*Steven M. Wald,* St. Louis, MO, for plaintiff.

*E. Barrett Atwood*, United States Department of Justice, Environment and Natural Resources Division, San Francisco, CA, with whom was *Ignacia S. Moreno*, Assistant Attorney General, for defendant.

_____

OPINION

_____

BRUGGINK, *Judge*.

    Pending is plaintiffs' motion to certify a class action pursuant to Rule 23 of the Rules of the Court of Federal Claims ("RCFC") for an alleged taking of their property under the Rails to Trails Act, 16 U.S.C. §§ 1241-51 (2006). Defendant opposes the motion, arguing that the statute of limitation bars the claims of those putative class members who are not currently plaintiffs and that, in any event, plaintiffs cannot satisfy the requirements for a class action. The motion is fully briefed, and we heard argument on April 5, 2011. For the reasons explained below, we grant plaintiffs' motion.

1

BACKGROUND[1]

The three plaintiffs currently named in the complaint own real estate in Weber and Davis Counties, Utah, that underlies or abuts an approximately 24-mile railroad right-of-way. This railway was owned by Union Pacific Railroad Company, which, in November of 2002, filed a notice of exemption with the Surface Transportation Board ("STB"), seeking authority to abandon the railroad line. The Utah Transit Authority ("UTA") subsequently filed with the STB a request for the issuance of a Notice of Interim Trail Use ("NITU"), which would allow it to negotiate with Union Pacific for interim use. The STB issued the NITU on December 31, 2002. Union Pacific and the UTA subsequently reached an agreement transferring the railway to the UTA for use as a public recreational trail and for possible future reactivation as a railroad.

On December 22, 2008, not quite six years after the NITU, plaintiffs filed suit here, alleging a Fifth Amendment taking of their property. The complaint's caption identifies the named plaintiffs as acting "For Themselves and As Representatives of a Class of Similarly Situated Persons." Compl. 1. Count one of the complaint identifies the stretch of railroad at issue, alleges that it lay across plaintiffs' property, recites the background leading to the NITU, and claims that the operation of the Trails Act affected a taking. Count two of the complaint alleges that the proposed class satisfies each of the requirements of RCFC 23. The complaint explicitly "request[s] certification of the class as identified herein . . . ." *Id.* at 3-4. Shortly thereafter, and before any action had been taken on the request for certification, the six-year statute of limitations ran on December 30, 2008.

The parties subsequently jointly requested that the case be stayed pending the appeal of *Fauvergue v. United States*, 86 Fed. Cl. 82 (2009), to the Federal Circuit. Because of the similarity of the issue presented in *Fauvergue*—"whether putative class members are allowed to opt in after the six-year statute of limitations has expired, when the class-action complaint was filed before the expiration as to one plaintiff and was amended after expiration to add other plaintiffs as putative class members," *id.* at 84—we granted the stay. The Federal Circuit subsequently reversed the *Fauvergue* trial court's dismissal of the class action claims. *Bright v. United States*, 603 F.3d 1273

---

[1] The relevant facts are drawn from the allegations in the complaint and the parties' briefs and appended material. The government does not dispute these facts, though it challenges the sufficiency of the support proffered.

(Fed. Cir. 2010). We then lifted the stay and ordered plaintiffs to file a motion for class certification.

### DISCUSSION

We have jurisdiction under the Tucker Act, which gives this court jurisdiction over Fifth Amendment takings claims against the United States. *See* 28 U.S.C. § 1491 (2006); *Morris v. United States*, 392 F.3d 1372, 1375 (Fed. Cir. 2004) ("[T]he Tucker Act provides the Court of Federal Claims exclusive jurisdiction over takings claims for amounts greater than $10,000." (citing *Palm Beach Isles Assocs. v. United States*, 208 F.3d 1374, 1383 n.10 (Fed. Cir. 2000))). The Fifth Amendment states in pertinent part that private property shall not "be taken for public use, without just compensation." U.S. Const. amend. V. A property owner may recover the value of property taken by the government even where there was no formal exercise of the power of eminent domain. *Moden v. United States*, 404 F.3d 1335, 1342 (Fed. Cir. 2005) (citing *United States v. Clarke*, 445 U.S. 253, 257 (1980)).

We need not recite at length the legal framework of the Trails Act, which has been thoroughly explained in published opinions of this court and the Federal Circuit. *See Bright v. United States*, 603 F.3d 1273, 1275-76 (Fed. Cir. 2010); *Rasmuson v. United States*, 91 Fed. Cl. 204, 205-07 (2010). Of note here is that Trails Act takings claims, like all claims brought under the Tucker Act, are subject to a six-year statute of limitations, 28 U.S.C. § 2501 (2006), which begins to run on the date the NITU is issued. *Barclay v. United States*, 443 F.3d 1368, 1374 (Fed. Cir. 2006).

Here, we confront two issues. First, we must decide, when a complaint requesting class certification is timely filed but a motion for class certification is not filed until after the statute has run, whether the complaint tolls the statute of limitations. If we answer that question in the affirmative, we must then determine whether plaintiffs here satisfy the requirements set forth in Rule 23 to proceed as a class.

I.   Statute of Limitations

Our analysis of the first issue is guided primarily by the Federal Circuit's recent decision in *Bright*. On facts that were similar, though not identical to those here, the Federal Circuit held that so long as class certification was timely sought, the statute of limitations was tolled during the opt-in period:

> [W]hen a class action complaint is filed and class certification is sought prior to the expiration of section 2501's limitations period, the limitations period is subject to class action tolling during the period the court allows putative plaintiffs to opt in to the class.

*Bright*, 603 F.3d at 1290.  The Federal Circuit, however, left "for another day the question of whether tolling would be allowed where class certification was sought after expiration of the limitations period." *Id.* at 1290 n.9.  Here, the government argues that this case falls in the category of cases described in *Bright's* footnote nine because plaintiffs did not file their motion for class certification until after the statute of limitations had run.  We disagree, however, and think that this case falls squarely within *Bright's* holding, thus tolling the statute of limitations.[2]

Key to our conclusion is *Bright's* repeated statement that the limitations period is tolled when a class action complaint is filed and "class certification is *sought* prior to the expiration of the section 2501 limitations period." *Id.* at 1274 (emphasis added); *see also id.* at 1290.  Here, plaintiffs' complaint specifically requests certification of the proposed class.  The complaint alerts the government of the type of claim brought, identifies the specific act giving rise to the claim, specifies the location of the parcels at issue, and requests certification of a class consisting of the owners of those parcels.  While we recognize that plaintiffs in *Bright* had filed a timely motion for class certification, the court never declared that a motion was required.  Rather, it held it sufficient that class certification was "sought."

This interpretation comports with Rule 23, which neither requires nor mentions a motion for class certification.  Rather, the rule assumes that the court may certify a class on the basis of the complaint: "At an early practicable time after a person sues as a class representative, the court must determine by order whether to certify the action as a class action." RCFC 23(c)(1)(A).[3]  The

---

[2] Even if this case does raise a question which was preserved by *Bright*, we believe the correct result is the one adopted here.

[3] Wright and Miller recognize a similar implication in Rule 23 of the Federal Rules of Civil Procedure: "Either plaintiff or defendant may move for a determination of whether the action may be certified under Rule 23(c)(1). However, the court has an independent obligation to decide whether an action brought on a class basis is to be so maintained even if neither of the parties

clear implication is that the court may certify or deny the class on the basis of the complaint.[4]

Here, plaintiffs explicitly sought class certification in their complaint. We believe this is sufficient to toll the statute of limitations during the opt-in period. Any concerns noted in *Bright* about the adequacy of notice to defendant are amply satisfied here where the complaint clearly notified the government of the collective nature of the claim and general outline of the class.

II.     Rule 23 Requirements for Class Certification

Having determined that this complaint is sufficient to toll the statute of limitations, we must next determine whether plaintiffs satisfy the requirements set forth in Rule 23 to proceed as a class. We conclude that they do. Rule 23 sets out essentially five criteria:

> (i) numerosity—a class so large that joinder is impracticable; (ii) commonality—in terms of the presence of common questions of law or fact, the predominance of those questions, and the treatment received by the class members at the hands of the United States; (iii) typicality—that the named parties' claims are [typical] of the class; (iv) adequacy—relating to fair representation; and (v) superiority—that a class action is the fairest and most efficient way to resolve a given set of controversies.

*Rasmusen*, 91 Fed. Cl. at 210 (quoting *Barnes v. United States*, 68 Fed. Cl. 482, 494 (2005)). Plaintiffs have the burden of proving they satisfy these

---

moves for a ruling under subdivision (c)(1)." 7AA Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 17850 (3d ed.1998) (internal citations omitted).

[4] The government argues that if a complaint is the sole criterion on which class certification is "sought," then all the elements necessary to support class certification should not only be plead but established with the same degree of certainty as in a motion. We disagree. Tolling of the statute merely requires that certification be "sought," not established. A complaint that seeks certification and identifies the class is sufficient to put the government on notice of the claim and to toll the statute of limitations.

requirements. *Id.* ("[T]he party moving for class certification bears the burden of establishing, by a preponderance of the evidence, the requirements set forth in RCFC 23." (citing *Filosa v. United States*, 70 Fed.Cl. 609, 615 (2006); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974))).

Here, we believe the requirement of numerosity is satisfied. Plaintiffs counsel estimates the putative plaintiffs may number greater than 800, and the government does not dispute the sufficiency of this number to satisfy the requirement. *See King v. United States*, 84 Fed. Cl. 120, 124 (2008) ("[I]f there are more than forty potential class members, this prong has been met." (citing *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3rd Cir. 2001))). In addition, these putative plaintiffs are dispersed over a broad area. *See id.* at 124-25 (citations omitted) ("Another factor to consider in determining numerosity is the geographical location of the potential class members. If plaintiffs are dispersed geographically, then a court is more likely to certify a class action.").

Likewise, we believe that the putative plaintiffs here have sufficient commonality. There are common questions of law and fact presented that predominate over any questions affecting individuals only, and the United States has acted on grounds applicable to the entire class. *See id.* at 125. Here, there is the requisite "'one core common legal question that is likely to have one common defense,'" *id.* (quoting *Fisher v. United States*, 69 Fed. Cl. 193, 199 (2006)), namely whether landowners' property rights were taken by the issuance of the NITU. This common issue certainly predominates over any individual variations such as differences of title or differing damages allegedly due. And the government, through the issuance of the NITU, has acted generally toward all members of the class. Ultimately, while the class members' claims will not be identical, they have sufficient commonality to warrant class treatment.

Similarly, we believe the named plaintiffs' claims are typical of the putative class members. "The threshold for typicality . . . is not high." *Id.* at 126 (citations and internal quotation marks omitted). Here, the allegations plead by the named plaintiffs, like any brought by putative class members, involve a taking under the Trails Act. We are further convinced that plaintiffs here are adequately represented by experienced counsel and that no conflicting interests appear within the class. *See id.* at 127 (citing *Barnes v. United States*, 68 Fed. Cl. 492, 499 (2005)). Plaintiffs' counsel have extensive experience, including in the area of litigation presented here. Finally, we have no doubt as to the superiority of proceeding with these claims as a class, rather than

through piecemeal litigation of individual claims. Proceeding as a class here will "achieve economics of time, effort, and expense, and promote uniformity." *Barnes*, 68 Fed. Cl. at 499 (citations omitted). In sum, we are persuaded that all five of Rule 23's requirements are satisfied here.

## CONCLUSION

For the reasons explained above, we hold that a timely class action complaint that specifically requests class certification is sufficient to toll the statute of limitations during the period the court allows putative plaintiffs to opt in to the class. We also hold that plaintiffs here have satisfied the requirements to proceed as a class. Accordingly, we grant plaintiffs' motion and certify a class composed of all claimants who owned land as of December 30, 2002, underlying or abutting the Union Pacific Railroad Company railway between mileposts 754.31 and 778.00 in Davis and Weber Counties, Utah. The parties are directed to confer and propose to chambers by April 22, 2011, a proposed schedule for further proceedings in this case.

s/ Eric G. Bruggink
ERIC G. BRUGGINK
Judge